IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERICKA LUMPKIN,    )<br>                    )<br>    Plaintiff,    )<br>                    )<br> v.                 )<br>                    )<br>                    )<br> TURNER BAILEY and RACHEL )<br> BAILEY,             )<br>                    )<br>    Defendants.     ) | Civil Action File<br><br>No. _____ |

**COMPLAINT FOR DAMAGES**
**(JURY TRIAL DEMANDED)**

COMES NOW Ericka Lumpkin, individually, and states for her Complaint for Damages against Defendants as follows:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 because these claims are brought under the Federal Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA").

2. Venue is proper in the Northern District of Georgia, Atlanta Division, under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

3. Defendant Turner Bailey and Defendant Rachel Bailey (collectively "Defendants") are individuals who reside at 1130 Mount Paran Road, N.W., Atlanta, Fulton County, Georgia 30327. Defendants may be served by service of the Summons and a photocopy of this Complaint at said address as provided by law.

4. Defendants are Plaintiff's previous employer as defined by 29 U.S.C. §203(d).

5. Plaintiff is the previous employee of Defendants, working in Defendants' home as a full-time nanny for Defendants' minor daughter (hereinafter the "Child"). Defendants employed Plaintiff at her home located at 1130 Mount Paran Road, N.W., Atlanta, Fulton County, Georgia 30327 from around or about August 23, 2021, through September 16, 2022.

6. Plaintiff was an employee as defined by 29 U.S.C. §203(e)(1).

## FACTUAL ALLEGATIONS

7. Plaintiff was employed as a full-time nanny to the Child and as such Plaintiff attended to the needs of the Child not only at home but in and around the Atlanta area.

8. Plaintiff's job did not involve exercising discretion over matters of

significance. Plaintiff's primary job duties included feeding, bathing, and comforting the Child. Plaintiff also spent time delivering the Child to and from activities and responded to the individual Defendants' inquiries and instructions regarding the Child.

9. Occasionally during her employment, Plaintiff stayed at Defendants' home 24 hours a day for several days at a time. For the safety of Child, Plaintiff was required to be on duty at all times that she was present in Defendant's home; therefore, Plaintiff was not completely relieved from duty while in Defendants' home.

10. As part of her duties, Plaintiff regularly worked in excess of forty (40) hours per week.

11. During Plaintiff's employment, Defendants paid Plaintiff's regular rate of pay was $27.00 per hour.

12. Plaintiff was economically dependent upon Defendants.

13. At all times, Defendants had the power to hire and fire Plaintiff.

14. Defendants supervised and controlled, or at least had the power and authority to supervise and control, Plaintiff's work schedules, conditions of employment, and the rate and method of payment to Plaintiff.

15. Plaintiff's employment with Defendants ended on September 16,

2022.

16. Plaintiff was entitled to 1.5 times her regular rate of pay for all hours worked in excess of 40 hours per week.

17. With respect to the hours Plaintiff worked in excess of 40 per week for which Defendants paid her straight time, approximately 10 hours per week, Plaintiff is entitled to .5 times her regular rate of pay ($13.50) for those hours. With respect to the hours Plaintiff worked in excess of 40 per week for which Defendants did not pay Plaintiff anything, Plaintiff is entitled to 1.5 times her regular rate of pay ($40.50) for those hours.

18. Based upon Plaintiff's good faith estimate, Plaintiff worked approximately 550 hours of overtime during the period from August 23, 2021, to September 16, 2022, for which Defendants paid Plaintiff only straight time. Based upon Plaintiff's good faith estimate, Plaintiff worked approximately 285 hours during the period from August 23, 2021, to September 16, 2022, for which Defendants did not pay Plaintiff anything.

19. With respect to her overtime hours during the period from August 23, 2021, through and including September 16, 2022, in her good faith belief, Plaintiff is entitled to at least $7,425.00 (regular rate of $27.00 x .5 x 550 hours) and $11,542.50 (overtime rate of $40.50 x 285 hours).

20. At the time Plaintiff began working for Defendants, Defendants knew that Plaintiff was not exempt from overtime pay under the FLSA.

21. For the entire time Plaintiff was employed by Defendants, Plaintiff was entitled to overtime pay under the FLSA.

22. During the period that Plaintiff worked for Defendants, Defendants should have known that Plaintiff was not exempt from overtime pay under the FLSA.

23. While Plaintiff was working for Defendants, Defendants chose not to pay Plaintiff overtime pay under the FLSA to which Plaintiff was entitled in willful violation of the FLSA.

24. While Plaintiff was working for Defendants, Defendants chose not to maintain records of the actual number of hours Plaintiff was working.

25. Upon information and belief, Defendants have not sought nor received an opinion of counsel that Plaintiff was exempt from overtime pay under the FLSA.

26. Upon information and belief, Defendants were unaware of any Department of Labor opinion, letter, publication, or other guidance indicating that employees doing the work done by Plaintiff under the same or similar circumstances were exempt from overtime pay under the FLSA.

27. Defendants failed to act in good faith with respect to their failure to pay Plaintiff overtime pay.

## **COUNT I**
**(FLSA Claims)**

28. Plaintiff incorporates the allegations contained in paragraphs 1 through 27 by reference.

29. During the statutory period, Plaintiff was employed by Defendants as a full-time nanny.

30. Plaintiff is not exempt from the overtime compensation provisions of the FLSA.

31. Defendants failed to record, report, and/or preserve records of the hours worked by Plaintiff.

32. The FLSA requires employers to pay employees for all hours worked.

33. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty hours per workweek.

34. Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in this Complaint.

35. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer a loss of income and other damages for which Defendants are liable pursuant to 29 U.S.C. §§201 *et seq*.

36. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendants violated the FLSA, 29 U.S.C. §201 *et seq*.

37. Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff as required by law. This, as well as the conduct as aforesaid, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

38. Plaintiff seeks damages in the amount of her respective unpaid overtime compensation for the period from August 23, 2021, through and including September 16, 2022. In her good faith belief, Plaintiff is entitled to at least $7,425.00 (regular rate of $27.00 x .5 x 550 hours) and $11,542.50 (overtime rate of $40.50 x 285 hours) (total of $18,967.50); liquidated damages as provided by the FLSA, 29 U.S.C. §216(b) in the amount of at least $18,967.50; interest; costs; and such other legal and equitable relief as the Court deems just and proper.

39. Plaintiff seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff prays that the Court enter Judgment against

Defendants as follows:

    a.    For violations of the overtime provision of the FLSA during the period from August 23, 2021, through September 16, 2022, in the amount of at least $18,967.50 and liquidated damages in the amount of at least $18,967.50;

    b.    An award of prejudgment interest (to the extent liquidated damages are not awarded);

    c.    Attorneys' fees and costs as provided by the FLSA, 29 U.S.C. §216(b); and

    d.    Other legal and equitable relief the Court deems just and proper.

Respectfully submitted, this 23rd day of January 2023.

                                            AUSTIN & SPARKS, P.C.

                                            */s/ John T. Sparks, Sr.*
                                            John T. Sparks, Sr.
                                            Georgia State Bar No. 669575
                                            Attorney for Plaintiff

2974 Lookout Place, N.E., Suite 200
Atlanta, Georgia 30305
404-869-0100 / 404-869-200 (fax)
jsparks@austinsparks.com